In re George M. CROFT, Debtor.

W–V ENTERPRISES, INC., and E. Michael Wayland, assignees of North Kansas Savings Association, Plaintiffs,

v.

George M. CROFT, Defendant.

Bankruptcy No. 88–40097–172.
Adv. No. 88–4127–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Oct. 24, 1994.

Charles D. McAtee, Schroer, Rice, P.A., Topeka, KS, Scott A. Greenberg, Clayton, MO, for plaintiffs.

Norman W. Pressman, St. Louis, MO, for Otto and Marlene Gestring, Sr.

Rexford H. Caruthers, St. Louis, MO, for George M. Croft.

Richard J. Scheffler, St. Louis, MO, for Milton Guse.

Stuart J. Radloff, Trustee, Case No. 88–40097–172 (Croft), Clayton, MO.

Robert J. Blackwell, Trustee, Case No. 88–40824–172 (Guse), St. Louis, MO.

Emil Kromat, Asst. Secretary Treasurer, c/o New Athens Savings and Loan Ass'n, Freeburg, IL.

William T. Weidle, Jr., St. Louis, MO, for Imendia Investors, S.A.

David R. Human, Clayton, MO, for Community Federal.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the Defendant/Debtor's motion for an extension of time to file a notice of appeal. This Order is entered after consideration of the record as a whole.

On October 7, 1994, the Court entered an Order that, in part, granted a money judgment against the Defendant/Debtor. Pursuant to Rule 8002(a), the last day to file a notice of appeal was October 17, 1994.

The Attorney for the Defendant/Debtor did not receive a copy of the Order because of a change of his mailing address. The Defendant/Debtor did not contact his attorney concerning the Order until one day after the expiration of the time to file a notice of appeal. This Motion and the Notice of Appeal were filed three days after the expiration of the ten-day period to file a notice of appeal. If the Defendant/Debtor's request for an extension of time is denied, there is a danger that he will be prejudiced in that he may otherwise be unable to request a review of the trial proceedings. The delay requested here is not lengthy, and no undue prejudice will result to any other parties. The Court's review of the record has not suggested any damaging or improper impact on any judicial proceedings if the motion is granted. Furthermore, there is no suggestion that the Movant has not acted in good faith. Therefore, the Court finds and concludes that the Defendant/Debtor's failure to timely file a notice of appeal with respect to the Order entered on October 7, 1994 was based upon excusable neglect. *Pioneer Investment Services Co. v. Brunswick Associated Limited Partnership,* — U.S. ——, ——, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

**IT IS ORDERED** that the Motion of the Defendant/Debtor for an extension of time for filing a notice of appeal with respect to the Order entered on October 7, 1994 is granted, 1994 WL 570889; and that such time is extended to October 20, 1994; and that the Notice of Appeal filed by the Defendant/Debtor on such date is deemed to have been timely filed.